IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO.: 3:00CV628
CRIMINAL DOCKET NO.: 3:97CR184

| | |
|---|---|
| WENDELL A. JACKSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Final Judgment of Denial of § 2255 Proceeding Pursuant to Fed. R. Cv. [sic] P. 60(b)(6)," filed January 9, 2006.

On August 16, 1998, Petitioner pled guilty to the charge of conspiracy to possess with intent to distribute, and distribute, cocaine and cocaine base within 1,000 feet of a public playground, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 17, 1999, this Court sentenced Petitioner to 262 months imprisonment, and on December 10, 1999, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. On December 12, 2000, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. On February 7, 2001 and March 27, 2001, Respondent filed Motions for Summary Judgment. In an Order dated June 18, 2002, this Court granted Respondent's Motions for Summary Judgment and denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

Petitioner now challenges the Court's June 18, 2002 Order, arguing that the Court did not

1

address the merits of his *Apprendi* challenge. Petitioner maintains that since *United States v. Booker*, 125 S. Ct. 738 (2005), reaffirmed the *Apprendi* holding, the Court's dismissal of Petitioner's Section 2255 Motion, and specifically his Sixth Amendment and jury trial claims, ignores the United States Supreme Court's mandates.

In its June 18, 2002 Order, the Court noted that at the time *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), was decided, Petitioner's criminal case was already final. Moreover, this Court stated that since the Fourth Circuit expressly held that *Apprendi* "does not apply retroactively on collateral review," Petitioner's *Apprendi* claim must fail. (June 18, 2002 Order p. 6) (citing *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001)). Petitioner's argument here that the *Booker* decision allows his *Apprendi* claim to go forward is likewise meritless because the Fourth Circuit has also clearly found that the *Booker* rule is not available for post-conviction relief for federal prisoners whose convictions became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65, 72 (2005) (noting that although *Booker* is a new rule of criminal procedure, it is not a watershed rule and does not apply retroactively on collateral review). Since Petitioner's conviction was final before *Booker* was decided, the *Booker* holding is inapplicable to this case. Therefore, this Court properly concluded that Petitioner's *Apprendi* claims were meritless.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion to Vacate Final Judgment of Denial of § 2255 Proceeding Pursuant to Fed. R. Cv. [sic] P. 60(b)(6)" is hereby **DENIED**.

Signed: August 3, 2006

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge